JPL:JD
F.# 2015R00319

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ DEC 10 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

UNITED STATES OF AMERICA

- against -

MICHAEL J. DODD,
   also known as "Michael Stanley,"
KENNETH ARDELL LANDGAARD and
JAMES ROBERT SHIPMAN JR.,
   also known as "Robert,"

              Defendants.

-------------------------------------------------------X

INFORMATION

Cr. No. 15 CR 552 (JG)
(T. 18 U.S.C. §§ 982(a)(1), 982(b), 1956(h)
and 3551 et seq., T. 21 U.S.C. § 853(p))

THE UNITED STATES ATTORNEY CHARGES:

INTRODUCTION

At all times relevant to this Information, unless otherwise indicated:

I.     The Defendants

        1.     The defendant MICHAEL J. DODD, also known as "Michael Stanley," was a U.S. citizen who resided in Panama. DODD worked at a company named "High Secured" in Panama City, Panama. DODD oversaw High Secured's off-shore legal services division, which, among other services, provided pre-existing Panamanian corporations and foundations with nominee directors to High Secured's clients, including its U.S. based clients. High Secured's off-shore legal division also set up off-shore bank and brokerage accounts for its clients.

        2.     The defendant KENNETH ARDELL LANDGAARD owned and operated Magjets Group, an aviation company in Panama City, Panama, which sold, leased, chartered and

brokered business jets and cargo aircraft. LANDGAARD was a U.S. citizen who resided in Minnesota.

3. The defendant JAMES ROBERT SHIPMAN JR., also known as "Robert," was a U.S. citizen who resided in Florida. SHIPMAN was business partners with the defendant KENNETH ARDELL LANDGAARD.

II. The Money Laundering Scheme

4. In or about and between November 2014 and July 2015, the defendants MICHAEL J. DODD, also known as "Michael Stanley," KENNETH ARDELL LANDGAARD and JAMES ROBERT SHIPMAN JR., also known as "Robert," together with others, devised and engaged in a scheme whereby they agreed to launder money by facilitating financial transactions to and from the United States, which transactions involved property represented by an undercover federal law enforcement officer to be the proceeds of specified unlawful activity, specifically fraud in the sale of securities.

5. In or about and between November 2014 and July 2015, the defendants MICHAEL J. DODD, also known as "Michael Stanley," KENNETH ARDELL LANDGAARD and JAMES ROBERT SHIPMAN JR., also known as "Robert," together with others, transported U.S. currency, which they believed constituted the proceeds of securities fraud from the United States to Panama. After the proceeds were in Panama, DODD transferred the funds between various nominee bank accounts in Panama and Belize before transferring the funds back to accounts in the United States under false pretenses.

MONEY LAUNDERING

6. The allegations contained in paragraphs 1 through 5 are realleged and incorporated as if fully set forth in this paragraph.

2

7.  In or about and between November 2014 and July 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants MICHAEL J. DODD, also known as "Michael Stanley," KENNETH ARDELL LANDGAARD and JAMES ROBERT SHIPMAN JR., also known as "Robert," together with others, did knowingly and willfully conspire:

   a.  to conduct financial transactions affecting interstate commerce, specifically the interstate wire transfer of money and securities, which transactions involved property represented by an undercover federal law enforcement officer authorized to investigate violations of Title 18, United States Code, Section 1956, to be the proceeds of specified unlawful activity, specifically, fraud in the sale of securities, contrary to Title 15, United States Code, Sections 78j(b) and 78ff, (i) with the intent to promote the carrying on of such specified unlawful activities, contrary to Title 18, United States Code, Section 1956(a)(3)(A), (ii) to conceal and disguise the nature, location, source, ownership and control of property believed to be the proceeds of the specified unlawful activities, contrary to Title 18, United States Code, Section 1956(a)(3)(B), and (iii) to avoid a transaction reporting requirement under state and federal law, contrary to Title 18, United States Code, Section 1956(a)(3)(C); and

   b.  to transport, transmit and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States and to a place in the United States from and through a place outside the United States, (i) with the intent to promote the carrying on of specified unlawful activities, contrary to Title 18, United States Code, Section 1956(a)(2)(A), (ii) to conceal and disguise the nature, location, source, ownership and control of the proceeds of the specified unlawful activities, contrary to Title 18, United States Code,

Section 1956(a)(2)(B)(i), and (iii) to avoid a transaction reporting requirement under state and federal law, contrary to Title 18, United States Code, Section 1956(a)(2)(B)(ii).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION

8. The United States hereby gives notice to the individual defendants MICHAEL J. DODD, also known as "Michael Stanley," KENNETH ARDELL LANDGAARD and JAMES ROBERT SHIPMAN JR., also known as "Robert," that, upon his conviction of the offense charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), of all property involved in the offense of conviction in violation of Title 18, United States Code, Section 1956(h), and all property traceable to such property as a result of the individual defendant's conviction of such offense.

9. If any of the above described forfeitable property, as a result of any act or omission of the defendant:

        (a)    cannot be located upon the exercise of due diligence;

        (b)    has been transferred or sold to, or deposited with, a third party;

        (c)    has been placed beyond the jurisdiction of the court;

        (d)    has been substantially diminished in value; or

        (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), to

seek forfeiture of any of the property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b); Title 21, United States Code, Section 853(p))

*[signature]*
ROBERT L. CAPERS
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #2015R00319
FORM DBD-34
JUN. 85

No. 15 CR 552 (JG)

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

*MICHAEL J. DODD, KENNETH ARDELL LANDGAARD and JAMES ROBERT SHIPMAN, JR.,*

Defendants.

## INFORMATION

(T. 18, U.S.C., §§ 982(a)(1), 982(b), 956(h) and 3551 et seq.)

_____

*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____

*Clerk*

*Bail, $* _____

*Jack Dennehy, Assistant U.S. Attorney (718) 254-6133*