| UNITED STATES DISTRICT COURT | **NOT FOR PUBLICATION** |
| EASTERN DISTRICT OF NEW YORK | |

| United States of America, | |
|---|---|
| Plaintiff, | |
| – against – | **MEMORANDUM & ORDER** |
| Michael Dodd, | |
| Defendant. | 15-CR-552 (ERK) (LB) |

KORMAN, *J.*:

On August 24, 2016, Defendant Michael Dodd filed a letter-motion under 28 U.S.C. § 2255 "seeking an order vacating the sentence imposed in this case, and appointing new CJA counsel, on the ground that present counsel's ineffectiveness denied Defendant his right to appeal." ECF No. 67 at 1. In a subsequent letter docketed September 9, 2016, in which he responded to a letter of his lawyer disputing this claim, Dodd quoted from an email exchange in which his lawyer told him that "[a]s to any appeals there are no issues for appeal given the court sentenced you below the recommended range. The court did not do anything improper thus nothing to appeal on a negotiated plea." ECF No. 70 at 4. Dodd's counsel was obviously referring to the written plea agreement, which waived Dodd's right to appeal or collaterally attack his conviction. Dodd acknowledged this waiver during the plea colloquy, in which then-Judge Gleeson advised Dodd of the Sentencing Guidelines and told him that, in pleading guilty, he was giving "up his right to appeal from or challenge in any other way any sentence you get in this case, as long as you do not get more than four years and nine months in prison. Do you understand." Dodd said "Yes, sir, I do." ECF No. 74-1 at 9; *see also* ECF No. 95 at 42 (confirming immediately after the imposition of sentence that Dodd had waived his right to

1

appeal). Because Dodd was in fact sentenced to thirty-three months in prison (less than the Guidelines range of forty-one to fifty-one months, *id.* at 3), Dodd's counsel was not ineffective for failing to pursue an appeal that had been waived.

Passing over the appeal waiver, there is no substantive basis for an appeal or an attack on the plea agreement. In his letter docketed September 9, 2016, Dodd alleged that he was actually innocent of the offense to which he pleaded guilty, conspiring to launder money with two other individuals, James Robert Shipman and Kenneth Langaard. ECF No. 70 at 3. This is based on the assumption that one cannot be guilty of conspiring only with government agents. The record, however, shows that the two people who Dodd claims were government agents, Shipman and Langaard, both pleaded guilty. ECF Nos. 38, 40. Indeed, an Assistant U.S. Attorney described Langaard's role in the offense at the joint sentencing of Langaard and Dodd. ECF No. 95 at 30–31.

Dodd's remaining arguments are also meritless. Dodd claims that the Government's conduct was outrageous inasmuch as it involved illegally entering Panama to conduct a sting in violation of U.S. and Panamanian law that induced Dodd, a law-abiding citizen, to conspire with individuals acting under the direction of the DEA. ECF No. 70 at 6–7. As they occurred here, none of these purported acts considered either separately or together constitutes the kind of outrageous conduct that would warrant a dismissal of the indictment, much less habeas corpus relief. *See United States v. Alvarez–Machain*, 504 U.S. 655, 657, 669–70 (1992); *see also United States v. Al Kassar*, 660 F.3d 108, 120–22 (2d Cir. 2011) ("While the sting operation in this case was elaborate and prolonged, there was no coercion or physical force, and nothing done was outrageous or a shock to the conscience.").

Dodd also claims he was entrapped yet not advised of this potential defense by his lawyer. ECF No. 70 at 8–9. Dodd did not meaningfully make this claim in his initial letter-motion, to which his lawyer responded. Regardless, my reading of the minutes from Dodd's sentencing, along with the presentence report, persuade me that there was no entrapment. Among other things, the PSR says that Dodd claimed to have "regularly provided fraudulent documentation for wire transfers made on behalf of other clients." ECF No. 45 at 4. And, during the sentencing colloquy, Dodd's co-defendant's attorney—principally speaking for both his client and Dodd on this issue, ECF No. 95 at 5—acknowledged that these defendants "were not entrapped," just "greedy," *id.* at 13, and indicated that their argument was, instead, that the law-enforcement officers dragged out the criminal conduct in order to increase the Guidelines range. ECF 95 at 5–8. (I gave Dodd the benefit of the doubt on this version of an entrapment argument and sentenced him based on a lower Guidelines range of thirty-three to forty-one months. *Id.* at 19, 42.) Dodd's lawyer was not ineffective if he failed to advise Dodd of the traditional version of the entrapment defense, which was not viable, during the negotiation of a plea bargain that Dodd was willing to accept. Indeed, Dodd does not argue that he would not have pleaded guilty but for this claimed lack of advice. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985) ("[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."); *see also Berkey v. United States*, 318 F.3d 768, 773 (7th Cir. 2003) (noting that "a self-serving statement" that a defendant "would have proceeded to trial" is insufficient).

In response to Dodd's letter-motion, Dodd's lawyer observed that this petition comes just after I sentenced Shipman to twenty-four months, nine fewer than Dodd. ECF No. 69 at 3. If this

difference is indeed the reason for this petition, then Mr. Dodd should know that I carefully considered him and his co-defendants, and it was principally their individual circumstances that differentiated them. Dodd was present when I gave his co-defendant Langaard a lesser sentence and explained that it was only because of personal circumstances that were developed on the record. I indicated that without those circumstances, I would have given Dodd and Langaard the same sentence. ECF No. 95 at 42. Dodd was not present when I sentenced Shipman and explained that I gave him a lesser sentence because of his severe medical problems. As I remember, Shipman could not even stand at sentencing. When it is available, I will send Dodd a copy of the transcript of Shipman's sentencing in case he would like to review it.

Collateral relief aside, Dodd complains that certain personal property has not been returned to him. ECF No. 62. The U.S. Attorney is directed to advise me whether that property has been or should be returned. Finally, Dodd asks that I amend the judgment to reflect that he is free after his term of incarceration to return to Panama, where he is a permanent resident despite his U.S. citizenship. *Id.* That request is denied without prejudice. In the first instance, Mr. Dodd should make this request to the Probation Department.

Dodd's motion to vacate his sentence is denied, and I decline to issue a certificate of appealability, *see Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Dodd's motion to correct the judgment is denied without prejudice.

**SO ORDERED.**

*Edward R. Korman*
Edward R. Korman
United States District Judge

Brooklyn, New York
December 29, 2017